UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRODIGY FINANCE CM2021-1 DAC,** | Civil Action No. 25-15163 (MEF) (MAH) |
| Plaintiff, | OPINION |
| v. | |
| **EZGI KURT,** | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Prodigy Finance CM2021-1 DAC's ("Plaintiff") motion for leave to serve by electronic means the Summons, Complaint, and related filings upon Defendant Ezgi Kurt ("Defendant") pursuant to Federal Rules of Civil Procedure 4(e). *See generally* Mot. for Electronic Serv., D.E. 6. Specifically, Plaintiff requests leave to effect service on Defendant by email. *See id.* For the reasons set forth below, Plaintiff's motion is **DENIED without prejudice**.

## II. BACKGROUND

Plaintiff "is a designated activity company limited by shares" and based in Ireland. Compl. Sept. 2, 2025, D.E. 1 ¶ 1. Plaintiff holds loans which are administered, managed, and serviced by Prodigy Finance Limited ("Prodigy"), a limited liability company registered in London, England. *Id.* ¶ 4. In 2019 and 2020, Defendant took out loans under two separate agreements, the first for $20,976.33 and the second for $50,665.75, the rights of which were eventually assigned to

1

Plaintiff. *See generally id.* ¶¶ 11-30. Pursuant to the agreements, the parties agreed to arbitrate any disputes between €5,000 and €200,000. *Id.* ¶¶ 31-32.

Defendant failed to timely pay the loans. *See generally id.* ¶¶ 30-40. After multiple warnings, Plaintiff invoked its right to arbitrate. *Id.* An arbitrator found for Plaintiff in two separate arbitrations, one for each agreement. *Id.* ¶¶ 41-58. Defendant failed to make payments on either award. *Id.* ¶¶ 48, 57.

On September 2, 2025, Plaintiff filed this action against Defendant to confirm the arbitration awards pursuant to 9 U.S.C. § 207. *Id.* ¶¶ 49, 58. Plaintiff believed Defendant resided in Jersey City, New Jersey. *Id.* ¶ 5. However, despite attempts at two addresses, Plaintiff has been unsuccessful in personally serving Defendant. *See generally* Mot. for Electronic Serv., D.E. 6.

On October 2, 2025, Plaintiff filed the instant motion for electronic service. *See id.* Plaintiff attached a supplementary exhibit containing emails from April 2025 between the parties regarding the money at issue. Redacted Emails, D.E. 6-1. Plaintiff also attached an affidavit of nonservice from a process server, who detailed his attempts to personally serve Defendant with process. Aff. of Nonservice, D.E. 6-2.

Plaintiff avers it has been unable to effectuate service on Defendant, as detailed herein. Mot. for Electronic Serv., D.E. 6. On September 11, 2025, the Court issued a summons for Defendant. Summons, D.E. 5. Plaintiff conducted a background check, which revealed Defendant was potentially residing at a Jersey City residence. Mot. for Electronic Service, D.E. 6, at 2. Shortly thereafter, Plaintiff hired the process server to serve Defendant. *Id.* The process server used both the Jersey City address and a Ridgefield, New Jersey address provided by Defendant on the loan agreements. *Id.* at 2-3; *see* Aff. of Nonservice, D.E. 6-2. However, even with two

potential addresses, the process server could not effectuate service. Mot. for Electronic Service, D.E. 6, at 2-3; *see* Aff. of Nonservice, D.E. 6-2.

On September 15, 2025, when the process server attempted to serve Defendant at the Jersey City address, the current residents stated they did not know Defendant and had no information on the previous tenants. Mot. for Electronic Service, D.E. 6, at 2-3; *see* Aff. of Nonservice, D.E. 6-2. On September 22, 2025, the process server then attempted to serve Defendant at the Ridgefield address Defendant provided on the loan agreements. Mot. for Electronic Service, D.E. 6, at 2; *see* Aff. Of Nonservice, D.E. 6-2. The owners of both units of the Ridgefield address stated they had lived there for several years and did not know Defendant. Mot. for Electronic Service, D.E. 6, at 2; *see* Aff. of Nonservice, D.E. 6-2. At both addresses, the process server attempted to serve process outside of typical work hours, at 8:21 p.m. and 7:47 p.m. *See* Aff. of Nonservice, D.E. 6-2.

After these unsuccessful service attempts, Plaintiff filed the instant motion.

### III.  DISCUSSION

Plaintiff argues the Court should allow it to serve Defendant by alternative means because "[e]mail service is reasonably calculated" as "[Defendant] has previously, and recently, communicated with [Plaintiff] . . . via email." *See* Mot. for Electronic Service, D.E. 6, at 3. Accordingly, Plaintiff proposes service by email to Defendant. *See id*.

#### A.  Legal Standard

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants. Federal Rule of Civil Procedure 4(e) states:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:

3

> (1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In New Jersey, personal service within the state is the primary and preferred method for individuals in the state. N.J. Ct. R. 4:4-4(a). However, when personal service cannot be effectuated upon an individual in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law allows for substitute service by mail or by personal service outside the state. N.J. Ct. R. 4:4-4(b)(1)(A)-(C). For service by mail, a plaintiff may obtain *in personam* jurisdiction over a competent individual over the age of 14, by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail . . . to the individual's dwelling house or usual place of abode," only if the plaintiff shows that personal service was not possible "despite diligent effort and inquiry." N.J. Ct. R. 4:4-4(1)(C). This showing must be made by affidavit "fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice." N.J. Ct. R. 4:4-5(b).

If service cannot be made in accordance with paragraphs (a) or (b)(1) of New Jersey Court Rule 4:4-4, then New Jersey Court Rule 4:4-4(b)(3) allows substituted service by court order. *See* N.J. Ct. 4:4-4(b)(3). Specifically, New Jersey Court Rule 4:4-4(b)(3) provides:

4

>If service can be made by any of the modes provided by this rule, no court order shall be necessary. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

N.J. Ct. 4:4-4(b)(3).

Before seeking a court order pursuant to Rule 4:4-4(b)(3), an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). The diligence exercised and the alternative service requested must meet the constitutional requirements of due process provided that "notice [be] reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See O'Connor v. Altus*, 67 N.J. 106, 126 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (holding that the proposed means of alternative service must comport with constitutional notions of due process); *see also J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013) (holding that to show due diligence, a plaintiff must demonstrate a good faith effort to locate a defendant).

Due diligence does not require a plaintiff to "take every conceivable action" to find a defendant's whereabouts. *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, No. 11-3062, 2012 WL 1884003, at *5 (D.N.J. May 22, 2012). Because there is "no objective, formulaic standard for determining what is, or is not, due diligence," the court must instead assess diligence by performing a fact-sensitive inquiry of "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 47-48 (quoting *Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999)); *see also Janowski v. Williams*, No. 12–3144, 2014 WL 1092611, at *2 (D.N.J. Mar. 18, 2014) (finding plaintiff must demonstrate a good faith effort to locate defendant to satisfy due diligence). Once a plaintiff has exhibited that he exercised reasonable due diligence, "a court may order an alternative means of service that is consistent with due process."

*Guardian Life Ins. Co. of Am. v. Est. of Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016).

### B. Analysis

The Court finds the record fails to demonstrate Plaintiff acted with due diligence in attempting to serve Defendant. Although Plaintiff attempted to locate Defendant by performing a background check, which identified the Jersey City address as Defendant's potential residence, Mot. for Electronic Service, D.E. 6, at 2, Plaintiff's motion provides no further explanation on the depth of, or details provided by, the background check. In addition, Plaintiff identified the Ridgefield address, which was stated on Defendant's loan application, as Defendant's potential residence. *Id.* But Defendant's loan application also lists multiple telephone numbers, and there is no indication that Plaintiff attempted to locate or contact Defendant through these numbers.

Plaintiff has unsuccessfully attempted to personally serve Defendant only twice, once at each address. Mot. for Electronic Service, D.E. 6, at 2. Although "New Jersey law [does not] require[] more than a single attempt at personal service, multiple, unsuccessful attempts at [the] address would favor a finding that Plaintiff made a diligent and reasonable effort to effectuate personal service on Defendant." *Fin. Servs. Vehicle Tr. by & through BMW Fin. Servs. NA, LLC v. Keitt*, No. 23-23188, 2024 WL 5395875, at *3 (D.N.J. June 11, 2024); *see MBC Ventures, LLC v. All Clean Bldg. Servs. Inc.*, No. 16-2056, 2021 WL 9667234, at *2 (D.N.J. Jan. 14, 2021) (finding the plaintiff made diligent efforts after retaining a process server who made four unsuccessful attempts at the defendant's residence); *Emmanouil v. Mita Mgmt., LLC*, No. 11-5575, 2012 WL 2277721, at *4 (D.N.J. June 15, 2012) (finding the plaintiffs were exhaustive in their attempts after five times).

Additional attempts at process at Jersey City and Ridgefield addresses would likely prove futile, considering the current residents claim not to know Defendant. Mot. for Electronic Service, D.E. 6, at 2-3. For that reason, simultaneously mailing the summons and complaint via certified and ordinary mail, an alternative method of service under New Jersey Court Rule 4:4-4(b)(1)(C), would also likely prove futile. Nonetheless, the Court cannot conclude that Plaintiff diligently attempted to locate Defendant after one background check and two attempts at personal service process. Because there is "no objective, formulaic standard" to assess diligence, *Modan*, 327 N.J. Super. at 47-48, the Court need not prescribe a specific set of procedures for Plaintiff to follow to prove diligence. The Court simply notes that Plaintiff must do more to demonstrate a good faith effort towards locating Defendant. For example, a motor vehicle check could potentially reveal Defendant's whereabouts. *See 511 Willow Ave. Condo. Ass'n v. Kiely*, No. A-678-23, 2025 WL 24114, at *1 (N.J. Super. Ct. App. Div. Jan. 3, 2025) (noting that the first motion judge denied a motion for substituted service after several failed attempts at in-person service because the plaintiff "failed to provide proof of a 'DMV check'"). Additionally, as noted above, Defendant listed several phone numbers on her loan application form that Plaintiff can attempt to contact. To the extent Plaintiff plans to renew this motion for alternative service, Plaintiff should document any future unsuccessful attempts at locating Defendant to demonstrate a good faith effort in either personal service or identifying an address to attempt service by mail pursuant to N.J. Ct. R. 4:4-4(b)(1)(C).

### IV. CONCLUSION

For the above reasons, Plaintiff's motion for alternative service, D.E. 6, **is DENIED without prejudice**. An appropriate Order accompanies this Opinion.

           **/s *Michael A. Hammer***
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: October 29, 2025