UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **PRODIGY FINANCE CM2021-1 DAC,** | Civil Action No. 25-15163 (MEF) (MAH) |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| **EZGI KURT,** |  |
| Defendant. |  |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff Prodigy Finance CM2021-1 DAC's ("Plaintiff") renewed motion for leave to serve by electronic means the Summons, Complaint, and related filings upon Defendant Ezgi Kurt ("Defendant") pursuant to Federal Rules of Civil Procedure 4(e). *See generally* Renewed Mot. for Electronic Serv., Nov. 7, 2025, D.E. 9. Specifically, Plaintiff requests leave to effect service on Defendant by email. *See id.* For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## II.    BACKGROUND

As the Court primarily writes for the parties, the Undersigned assumes familiarity with the facts of this case, which were set forth at length in this Court's prior Opinion. *Prodigy Fin. CM2021-1 DAC v. Kurt*, No. 25-15163, 2025 WL 3017818 (D.N.J. Oct. 29, 2025). Suffice it to say, after unsuccessfully attempting to personally serve Defendant with process at two New Jersey addresses, Plaintiff moved to serve Defendant via electronic service. *Id.* at *2; First Mot. for Electronic Service, Oct. 2, 2025, D.E. 6. This Court denied Plaintiff's motion, directing Plaintiff

1

to "do more to demonstrate a good faith effort towards locating Defendant." *Id.* at 3; Op., Oct. 29, 2025, D.E. 9.

Thereafter, Plaintiff emailed Defendant to request an updated address for service, to inform her of this proceeding, and to provide a link to access relevant case documents. Email Communications, Oct. 29, 2025, D.E. 9-1, at 2. Defendant responded seven minutes later. *Id.* Defendant did not provide an updated address, but acknowledged "That loan is mine. I will do my best to pay it." *Id.*

Plaintiff responded a few hours later, again requesting an updated address for service and providing a link to the case materials. *Id.* at 1. Plaintiff also explained to Defendant that "a lawsuit has now been filed against you." *Id.* Plaintiff also asked Defendant to return an attached Waiver of Service form. *Id.* In her response, Defendant indicated she was "not going to give any information to [Plaintiff]." *Id.* Plaintiff thereafter filed this Renewed Motion for Electronic Service. D.E. 9.

### III. DISCUSSION

Plaintiff argues that service via email is proper because Defendant is now actively evading personal service of process by refusing to provide an updated address. Renewed Mot. for Electronic Service, D.E. 9, at 4. Based on their recent email communications, Plaintiff asserts Defendant actively uses her email address such that electronic service via email comports with notions of due process. *Id.* Because Defendant refused to provide an updated address, Plaintiff contends electronic service via email constitutes means by which Defendant "is most likely to receive notice of the pending action." *Id.*

#### A. Legal Standard

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants. Federal Rule of Civil Procedure 4(e) states:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
>
> (1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In New Jersey, personal service within the state is the primary and preferred method for individuals in the state. N.J. Ct. R. 4:4-4(a). However, when personal service cannot be effectuated upon an individual in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law allows for substitute service by mail or by personal service outside the state. N.J. Ct. R. 4:4-4(b)(1)(A)-(C). For service by mail, a plaintiff may obtain *in personam* jurisdiction over a competent individual over the age of 14, by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail . . . to the individual's dwelling house or usual place of abode," only if the plaintiff shows that personal service was not possible "despite diligent effort and inquiry." N.J. Ct. R. 4:4-4(1)(C). This showing must be made by affidavit "fully specifying the inquiry made, of what persons and in what manner, so that by the

facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice." N.J. Ct. R. 4:4-5(b).

If service cannot be made in accordance with paragraphs (a) or (b)(1) of New Jersey Court Rule 4:4-4, then New Jersey Court Rule 4:4-4(b)(3) allows substituted service by court order. *See* N.J. Ct. 4:4-4(b)(3). Specifically, New Jersey Court Rule 4:4-4(b)(3) provides:

> If service can be made by any of the modes provided by this rule, no court order shall be necessary. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

N.J. Ct. 4:4-4(b)(3).

Before seeking a court order pursuant to Rule 4:4-4(b)(3), an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). The diligence exercised and the alternative service requested must meet the constitutional requirements of due process provided that "notice [be] reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See O'Connor v. Altus*, 67 N.J. 106, 126-27 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (holding that the proposed means of alternative service must comport with constitutional notions of due process). "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead . . . due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (internal citation and quotations omitted); *see also J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013) (holding that to show due diligence, a plaintiff must demonstrate a good faith effort to locate a defendant).

Due diligence does not require a plaintiff to "take every conceivable action" to find a defendant's whereabouts. *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, No. 11-3062,

2012 WL 1884003, at *5 (D.N.J. May 22, 2012). Since there is "no objective[] formulaic standard" for determining due diligence, the court must instead assess diligence by performing a fact-sensitive inquiry of "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 47-48 (quoting *Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999)); *Janowski v. Williams*, No. 12–3144, 2014 WL 1092611, *2 (D.N.J. Mar. 18, 2014) (finding plaintiff must demonstrate a good faith effort to locate defendant to satisfy due diligence). Once a plaintiff has exhibited that he exercised reasonable due diligence, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am. v. Est. of Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016).

### B. Analysis

#### a. Due Diligence

Based on the recent email correspondence, the Court finds the record demonstrates Plaintiff acted with due diligence in attempting to serve Defendant. In its renewed motion, Plaintiff avers it conducted two background checks which "pulled information from publicly available sources and social media." Renewed Mot. for Electronic Service, D.E. 9, at 3-4. As noted in this Court's prior opinion, one of the background checks revealed a Jersey City address where a process server unsuccessfully attempted to personally serve Defendant. *Prodigy Fin.*, 2025 WL 3017818, at *1. The process server also could not locate Defendant at the Ridgefield address listed on Defendant's loan agreements. *Id.*

Although Plaintiff did not conduct an MVC check as suggested in this Court's previous opinion, the Court nonetheless Plaintiff finds has done "more to demonstrate a good faith effort towards locating Defendant." *Id.* at 3. As previously noted, additional attempts at process at Jersey City and Ridgefield addresses would likely prove futile, considering the current residents claim

5

not to know Defendant.  Mot. for Electronic Service, D.E. 6, at 2-3.  For that reason, simultaneously mailing the summons and complaint via certified and ordinary mail, an alternative method of service New Jersey Court Rule 4:4-4(b)(1)(C) provides, would also likely prove futile. Based on Defendant's assertion that she is "not going to give any information to" Plaintiff, any attempts at contacting the phone numbers listed on Defendant's loan agreements would also likely prove futile.

There is "no objective[] formulaic standard" to assess diligence.  *Modan*, 327 N.J. Super. at 47-48.  Plaintiffs are not required to "take every conceivable action" to find a defendant's whereabouts, *Guardian Life Ins.*, 2012 WL 1884003, at *5, and the Court will not so require here, where Defendant actively communicated to Plaintiff that she will not provide an address for personal service or service by mail.  Accordingly, the Court is satisfied Plaintiff has diligently attempted to locate Defendant.

### b. Due Process

Although Plaintiff has demonstrated diligence in attempting to serve Defendant, the Court's inquiry does not end there, because any form of substitute service must be "consistent with due process of law."  N.J. Ct. R. 4:4-4(b)(3); *see also Marlabs Inc. v. Jakher*, No. 07-4074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process).  The United States Supreme Court has explained that the proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Courts allow a "wide variety of alternative methods of service."  *Marks L. Offs., LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017).  Alternative service by certified mail has

6

been deemed to comport with due process requirements. *See* Rule 4:4-4(b)(1)(C); *Guardian Life Ins.*, 2016 WL 3763340, at *2 (concluding simultaneous service by certified and ordinary mail satisfies due process).

Courts have also permitted service by way of email. *See Marks L. Offs.*, 704 F. App'x at 177. However, what qualifies as sufficient service depends on each case's particular facts and circumstances. *See Prediction Co. LLC v. Rajgarhia*, No. 09-7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010). This Court has specifically allowed a plaintiff to serve a defendant domestically by email where the plaintiff provided evidence that the email was "reasonably likely to apprise Defendant of the pendency of this action." *See Menon v. Corbett*, No. 21-8384, 2023 WL 4946972, at *3-5 (D.N.J. Aug. 3, 2023) (citing *SEC v. Vuuzle Media Corp.*, No. 21-1226, 2021 WL 1731947, at *3 (D.N.J. May 3, 2021)) (finding the plaintiff's proper attribution of the address to the defendant and showing its recent use demonstrated that email service would sufficiently apprise the defendant of the action). Usually, this evidence provides the Court with "facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Vuuzle*, 2021 WL 1731947, at *3 (quoting *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-9913, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015)); *see also Hayward Indus. v. CompuPool Prods.*, No. 22-7330, 2023 WL 3736216, at *10 (D.N.J. May 31, 2023) (denying service via email where the plaintiff failed to show prior correspondence with addresses to indicate the accounts were operative).

Here, the Court finds that email service would sufficiently alert Defendant of the action. *See Menon*, 2023 WL 4946972, at *3-4 (concluding email service sufficient because the plaintiff properly attributed email address to defendant and provided communications showing its recent usage); *Vuuzle*, 2021 WL 1731947, at *3 (quoting *SEC v. Dubovoy*, No 15-6076, 2016 WL

7217607, at *3 (D.N.J. Dec. 13, 2016)) (allowing "alternative service where defendants 'are likely already aware of the action against them'"). The parties' email exchanges clearly show that Defendant recently used her email address to discuss the loans at issue and strongly suggest that Defendant will receive service at ezgikurt5390@gmail.com. *See Hayward*, 2023 WL 3736216, at *10. Plaintiff has sufficiently shown that serving the Summons and Complaint upon Defendant via her email address would further put Defendant on actual notice of the action and allow them to present a defense. *See Mullane*, 339 U.S. at 314.

At bottom, Plaintiff has demonstrated diligence in locating Defendant not only by its attempts at personal service at two different addresses following two background checks, but also by contacting Defendant pursuant to this Court's order to take additional measures to locate Defendant. Therefore, this Court will permit Plaintiff to serve Defendant via email at ezgikurt5380@gmail.com.

## ORDER

For the reasons set forth above,

IT IS, on this 1st day of December 2025,

**ORDERED THAT** the Plaintiff's Renewed Motion for Electronic Service, D.E. 9, is hereby **GRANTED**.

SO ORDERED.

/s *Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: December 1, 2025